and we've been informed that all counsel have signed in so we will dispense with the reading of the of the calendar but we do have first a motion in the United States v. Anthony Licata. Mr. Frankel. May it please the court your honor my name is Alan Frankel I represent the appellant Anthony Licata in this case. There is no way that Mr. Licata should be detained in this matter. He has proven himself to be reliably adherent to previous bail conditions in two prior cases. He was received bail in 2008 facing RICO and other charges. He faithfully adhered to those conditions. He served his sentence and served three years of supervised release also faithfully adhering to those conditions. He was charged again in 2011 on that same pre-2008 conduct and he was granted bail in that case also facing a RICO charge and other charges and he continued to faithfully adhere to those conditions and he was even in fact he was those conditions were lifted after five months and he was and they lifted the conditions of home detention. The proffer by the government indicates some dangerous conduct on his part if it's true. Can you just tell me though during the reconsideration process below there was a claim by you that you got some information from the government that goes to the credibility of John Doe one who was was the target I think of the threats supposedly. What is the nature of that credibility material that you have? Well we were able to identify the individual and conducted our own investigation. We learned that that individual first of all he had been arrested for impersonating a New York City police officer. Secondly he was an individual who was stealing from his recently deceased employer's widow and her son and he was stealing various items from them. We learned other incidents that show that he had a pattern of this allegations that he was making were consistent with the idea of him trying to not get caught in in his own criminal conduct. Those are all issues that we submitted on reconsideration. We were prepared to have individuals come in and testify to that effect but we were summarily denied in that case. Mr. there have been any incident of physical injury in his cases. There's nothing in this case that alleges physical injury. His prior cases as well, there was no completion of the extortions that he pled to. In this case there's one incident alleged by the proffers principally this witness's testimony and principally the other evidence that the government cited supports the fact that the two of these individuals met and we don't have any dispute about whether or not they met. The dispute is what was said in this meeting and what happened in this meeting and that goes to the essence of attacking the credibility of this witness and the district court made absolutely no investigation, didn't do anything to ensure the reliability of the government's proffer and you know to that end the district court came into the hearing having already denied, already granting permanent detention based on the government's application on this motion without any opportunity to be heard on the defendant. Your complaint counsel is that the district court did not make findings about detention, did not make written findings as to the reason for detention. Isn't that your complaint before us? Well, your honor, the district court did not find any, that there were no conditions that can reasonably assure the safety of the community which is what the basis of the detention hearing is about. I think the government agrees that he did not make written findings, don't they? They believe that it should be remanded for clarification of that. We don't believe that that's what should happen in this case because we think it's clear error what the district court did do in terms of . . . the courts previously said that a finding of dangerousness does not take away the presumption of bail. An individual who's found to be dangerous still enjoys a presumption of bail. It's only in rare and extreme cases that bail should be denied and that's not present in this case. Were you able to present the credibility information to the district court during the reconsideration process? No, your honor. As I mentioned, we submitted the application and the court summarily denied that application. Did the application have the issue of credibility problems with John Doe I in it? Absolutely. That's, I believe, Exhibit E to my . . . I thought it was F, no? Or F, you're right. Thank you, your honor. Going back to Judge Pooler's question, for our current purposes, isn't this matter moot in light of the government's readiness to have this matter returned to the district court for further proceedings? Why shouldn't we do that and then if the result of that hearing is unsatisfactory as far as you're concerned, it's not too much to come back here? Well, this court, in a clear error of law, this court has plenary review of the issue where there's been a clear error of law. The issue in that case was whether there were conditions that could reasonably assure the safety of the community and the judge didn't consider it. The judge didn't even mention the prior adherence to the cases that I said. I understand that, but I think what Judge Pooler and I were raiming at is that if that's the case, why don't we give him an opportunity or why don't we direct the district judge to do what he failed to do the first time? Your Honor, my client has been sitting in jail for five months and he's been detained and he's been denied his due process. He's been denied his rights. Assuming all of this to be true, we're not really in the position ordinarily to make decisions on bail which take account of all of the evidentiary facts that you're putting before us. All that you say may be entirely right, but we need to have a record and we're not in a position to make that record. Well, Your Honor, I understand that it's very troublesome when the court initially signs an order of permanent detention without giving any opportunity to be heard. Then when the matter comes to the court on appeal because the magistrate court has found that there were reasonable conditions, the court only considers that there's an issue of dangerous and doesn't consider whether there are conditions that can reasonably assure the safety of the community. Well, Mr. Frankel, going back to the record as we have it, Judge Kunz acted presumably on the basis of the record before the magistrate judge, right? No, Your Honor. It was an immediate appeal. The judge only heard what was spoke about in the court. That record was not before him? That's correct, Your Honor. If it were before him, would it have made the government's case a little stronger? I don't see how that . . . What did the magistrate do? The magistrate granted release. The magistrate said that there were conditions of release. The magistrate looked at the prior adherence and the findings of the previous courts, which I discussed, and said that there are conditions of release that could reasonably assure the safety of the community. When was that decision made? It was made the morning before the . . . I think it was the 17th. It was the morning of the 17th . . . November? . . . of July. Explain this timeline to us. Okay. Why is it five months? Well, Mr. Licata was arrested on July 11th. At that time, the District Court entered a permanent order of detention without seeing Mr. Licata in any way. Mr. Licata said, we'd like an opportunity to be heard on an application. Then, approximately a week later, a little under a week later, we went before the magistrate court. We made our application and it was granted. The government immediately appealed and went . . . Now we're in late July? July 17th. Okay. The magistrate court . . . I mean, the District Court made its finding that he was a danger and ordered permanent detention. We filed the appeal. Why has it taken so long to get here? Well, after we filed the appeal, we had an opportunity to conduct our investigation and we found all of this evidence to show that this witness was not a legitimate businessman . . . So the reason he's been in jail this time, maybe entirely justified, is that you undertook research on his behalf. It's not because of any delay or any inappropriate action by anyone, right? Well, we submitted the application to reconsider based on our good faith belief that this information was there and the District Court denied it without comment. Give me the timeline again. We're in July 17th, 18th or 19th and you then are undergoing investigations, right? That's correct. When do you go before any of these judicial officers again? Well, we conducted our investigation in August and the beginning of September. I had traveled and then I got pneumonia so I ended up getting sick for a couple of weeks which prevented my submission. I then submitted . . . I believe it was in the end of September. I don't have the date in front of me and we waited for the decision on that matter because obviously if the court granted our application, there would be no need to proceed further with the appeal. As soon as that was denied, we then went forward and submitted our motion in this case. When was it denied, roughly? Three weeks ago. Okay. Thank you. I see my time has run out. Thanks. We'll give you a minute afterwards. Thank you. Mr. Miller, go ahead. May it please the Court, my name is Matthew Miller and I'm an Assistant United States Attorney in the Eastern District of New York. The district court did not clearly err in ordering Anthony Licata detained pending trial. You admit that it didn't state reasons which he is required to do by statute, isn't he? That's right, Your Honor, and for those reasons we agree that the appropriate action here is a remand to the district court to allow the district court to more completely explain the reasons for its decision based on the record that was in front of it and also to be able to consider the new arguments that counsel raised after he had filed his notice of appearance divesting the district court of jurisdiction and to allow the government an opportunity to respond to it. Does the district court's failure to state reasons bespeak a lack of examination of the record? I don't think so, Your Honor. There was a hearing before the district court. The counsel requested a hearing before the magistrate on the first opportunity that he requested one. He was granted one that afternoon. We appeared after the magistrate ordered release on conditions. All of the parties appeared before the district court. The district court had before him the government's pre-trial memorandum for detention. He had the transcript of the hearing before the magistrate judge? He did not have that transcript because we were working to ensure that he could have the hearing quickly. What did he have in front of him? He had your memo. Did he have a memo of his own? He had . . . a memo of whose own, Your Honor? You had a memo that you gave to the district court. We had submitted a memo to the district court, and he had the repeat of the arguments that . . . Did he have a memo from Mr. Licata? Mr. Licata did not submit a memo either to the magistrate or to the district court. Both parties were there for argument? Both parties were there for argument. We repeated the arguments, essentially, that we had made before . . . Successfully, from Mr. Licata, before the magistrate judge? That's right. And then . . . What changed? I mean, what was the difference? Was the arguments were the same, just a different point of view? I think that's right, Your Honor. What did the magistrate get wrong, in your view? The magistrate put a lot of reliance on the fact that the . . . well, first of all, the magistrate was initially not disposed to release Mr. Licata on conditions. She put, as she said explicitly, strong reliance on the fact that, in two prior cases, two district judges had released Mr. Licata, and then . . . He showed up every time he was supposed to. Yes, though we've never argued flight risk. But our argument, both before the magistrate and again before the district judge, was that the circumstances of this case, which involved Mr. Licata going to a person's business with an associate, taking him out of . . . demanding that he leave a meeting that was going on then, taking him to an isolated area of the business, and demanding on threat of bodily injury that he pay thousands of dollars with a gun, or with what the victim perceived to be a gun in his tracksuit, were a reason to depart from what had occurred in the previous cases. Did that happen after the magistrate's hearing, this evidence about the gun? It was both before the magistrate and the district court. So it was before the magistrate. Yes, and the district court weighed the factors differently than the magistrate did . . . As he's allowed to do. As he's allowed to do, and came to a different conclusion. We think that the conclusion is not clearly erroneous . . . It would have been helpful if he laid out his reasons so that we could compare them to what the magistrate did. That's why you're agreeing to a remand. That's right, Your Honor. Can I just ask you about this new information? Part of the motion, too, is new information the government provided about the victim or the cooperating witness. Can you tell me what that evidence is that you provided, and the reason for providing it? Sure. So just to clarify, Your Honor, I think what counsel has said is we provided discovery. And from that discovery, counsel has determined things about the victim witness in this case. And he has set them forth in general . . . in extreme generality in his papers. I'll just note for one of the things, this impersonating a police officer, if what I understand is correct . . . this is not in the record, but it is the defendant and two of his friends going . . . one of whom was an auxiliary police officer going to a video game store the night that a popular video game was being released and cutting to the front of the line. So it's not the sort of thing . . . maybe it is something that goes to credibility, but it's not a great hit on the victim's credibility that at a young age he cut to the front of the line at a video game store to buy a video game. By saying he was a police officer? I don't know who said he was a police officer. Well, what's the impersonation of a police officer? That's what he was arrested for, Your Honor. Well, it sounds like at least there was a basis to believe . . . I'm not saying it was a big deal. I mean, that's the incident. That's the incident. And that was not before . . . I'm sorry. What was the other information that you revealed that all of a sudden shows that the victim here is not believable? We didn't reveal any additional information. We provided general discovery. They have identified information. And all that I know about that information is what is in the appellant's papers. But Mr. Frankel indicated, I think, that it would be impossible or inappropriate to think that the district judge had the full record before him that had been before the magistrate judge. That is, there wasn't enough time for him to have reviewed any such record. Is that fair? I don't think so. He certainly didn't review the transcript of what was . . . all of the arguments and all of the things that were . . . I don't have the record that was before the magistrate judge. There must have been some papers. The record that was before the magistrate judge consisted of the government's detention memorandum and proffers by both counsel about the evidence . . . And that was before the district judge? The same thing was before the district judge. He had the same record on which to make a ruling that the magistrate judge did. And he had a copy of the magistrate's ruling, didn't he? He had a copy of the form release order with the bail and the conditions, and that was summarized by both counsel in front of him as well. Was there any testimony before the magistrate judge? There was not. It was all proffer? Yes. So if we take your advice and remand to the district court, you would want us to . . . presumably the district court would have plenary authority to, in effect, have a new hearing, or a hearing which could involve whatever evidence Mr. Franco might want to deduce. Is that right? That's right, Your Honor. That's what we think is the appropriate outcome here. I mean, it's not just a matter of doing written findings on the basis of what already happened, but he would have full reconsideration authority in your view? Yes, Your Honor. Okay. All right, Mr. Franco. How much more do you want out of life? It looks to me that you've gotten what you wanted, or what you should want. No? Your Honor, there's no question in my mind that when Mr. Licata has faithfully adhered from his prior bail conditions, it's inconceivable that a court could say, there are no conditions that could reasonably assure the safety of the community. You might have a chance now to do all of that, to put that case before him, no? I understand that, Your Honor, but my client's not charged with any gun. There was a perception by this one witness that he had a bulge in his tracksuit. That was the basis for this clear and convincing evidence that he was carrying a gun. We asked the district court, we want to review the witness, because the government's proffered, basically, essentially, just what this witness would say. They've skirted around the federal rules of civil criminal procedure to provide any sort of statement by just making this proffer. The court could have made an in-camera review . . . It strikes me. This is your big chance. Now you go back to before the district judge, and you don't have to rely on proffer. You can call whoever you want to call. The government will call whoever they want to call. You will cross-examine. You will be able to put all of this before the district judge, and he will then make, presumably, some findings one way or the other. The findings which I think we all agree he was required to enter to begin with. Your Honor, and I would appreciate that opportunity, I do think that where, as here, the court has found some clear errors of law, and it has the de novo review, and it has the plenary review, it can make the statement of what, you know, what should have been done in this case, and it can really speak to what evidentiary hearing, and the court has an opportunity to review minutes, and it chooses not to do any of that, I think that this court can make a decision. Thanks very much. Thank you, Your Honor. We'll reserve the decision, and we'll turn to the day calendar.